# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** dated as of March 4th 2011 (this "Release"), is entered into by and between **CAVALRY PORTFOLIO SERVICES, LLC**, a Delaware limited liability company ("Cavalry"), and **MARVA HORN,** a California resident.

Each of the undersigned hereby agrees as follows:

1. **MARVA HORN** shall by and through her attorney Lara Shapiro and Lemberg & Associates LLC cause Case Number CV11 0182, the complaint for which was filed in USDC Central District of California Western Division (the "Court") on or about January 6th 2011 (the "Case"), to be dismissed with prejudice..

2. Cavalry shall, upon receipt of evidence of dismissal of the Case authenticated by an authorized representative of the Court: (a) no longer enforce, seek to collect, or credit report the debt described on Exhibit A (the "Debt"), as to **MARVA HORN;** and (b) transmit a check in the amount of $3250.00, payable to the order of MARVA HORN and her attorneys LEMBERG & ASSOCIATES LLC, to LEMBERG & ASSOCIATES, LLC, 1100 Summer Street, Stamford CT 06905.

3. (a) **MARVA HORN** unconditionally releases and discharges Cavalry, its past and present divisions, affiliates, subsidiaries, parent companies, officers, directors, members, managers, employees, agents, representatives, attorneys, predecessors-in-interest, successors-in-interest, and assigns, in their individual and representative capacities (collectively, the "Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, causes of action, rights, costs, losses, debts and expenses of any nature whatsoever (collectively, the "Claims"), known or unknown, which she or her heirs, executors, administrators, successors and assigns ever had, now have or may in the future have by reason of any matter, fact or cause arising out of any events concerning the Debt, the collection or credit reporting of the Debt, or any related matter, including Claims brought or which could have been brought in the Case.

(b) **MARVA HORN** acknowledges and agrees that this Release is a final and general release. This Release specifically includes and applies to any and all Claims, whether or not **MARVA HORN** now knows of or suspects the existence of them and whether or not they are specifically described in this Release.

(c) [California Only: MARVA HORN expressly waives the provisions of California Civil Code Section 1542 which reads as follows:

> 1542. <u>Certain claims not affected by general release.</u> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing a release, which if known

**by him or her must have materially affected his or her settlement with the debtor.**

4. **MARVA HORN** acknowledges that this Release does not constitute an admission by any Released Party of any: (a) liability; (b) violation of any federal, state or local statute, law, regulation, order or other requirement of law; (c) breach of contract, actual or implied; (d) commission of any tort; or (e) other civil wrong.

5. **MARVA HORN** represents and warrants to Cavalry that, except as otherwise set forth in Section 1, she has not brought any charge, claim, suit, action or other proceeding against any Released Party arising out of any events concerning the Debt or any related matter. In the event that **MARVA HORN** has brought any such charge, claim, suit, action or proceeding, **MARVA HORN** will cause such charge, claim, suit action or proceeding to be dismissed. **MARVA HORN** will not bring, or authorize any attorney to bring, any charges, claims, suits, actions or other proceedings against any Released Party arising out of any events concerning the Debt or any related matter.

6. **MARVA HORN** will not disclose, and agrees to keep confidential, the terms and existence of this Release (and any fact concerning the negotiation, execution or implementation of this Release), except with respect to her attorney, accountant and spouse, whom **MARVA HORN** will in all cases advise of the confidentiality requirements of this Section 6 and have such agree to abide by the confidentiality provisions herein. **MARVA HORN** will not testify or give evidence in any forum concerning this Release or the Debt or any related matter unless he is required to do so by law or legal process. **MARVA HORN** shall not file or disclose this Release without order of the court. If this Release is sought by court order or otherwise compulsion of law, **MARVA HORN** will promptly provide Cavalry with sufficient notice in advance of such proposed disclosure to enable Cavalry to be heard with respect to any such disclosure.

7. This Release shall be deemed to have been made within the State of New York and shall be interpreted, construed and enforced in accordance with the laws of the State of New York. This Release shall not be construed with a presumption against the party causing this Release to be drafted.

8. Cavalry shall be entitled to an award of attorneys' fees in any action commenced to enforce this Release or any provision therein.

9. If one or more provisions of this Release shall be ruled unenforceable or void, Cavalry may enforce the remainder of this Release.

10. Failure of Cavalry to enforce any provision of this Release shall not be construed as a waiver of that or any other provision.

11. **MARVA HORN has had an opportunity to consult with an attorney**

**before signing this Release. MARVA HORN** acknowledges that in signing this Release, she relied only on the promises set forth in this Release and <u>not</u> on any other promise made by Cavalry. This Release has been entered into freely, knowingly, and voluntarily and not as a result of coercion, duress, or undue influence.

       12. **MARVA HORN** agrees to execute any and all documents that Cavalry requires to be executed for the purpose of effectuating this Release.

       13. This Release constitutes the entire understanding and agreement between the parties hereto with respect to its subject matter. This Release supersedes all other understandings, agreements, communications or negotiations (whether written or oral) between the parties hereto with respect to such subject matter.

       14. This Release may not be amended, changed or altered, except by a writing signed by **MARVA HORN** and Cavalry.

       15. This Release shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, estate, heirs and personal representatives.

       16. This Release may be executed in counterparts, and if so executed each such counterpart shall have the force and effect of an original. A facsimile or copy of an original signature transmitted to the other party is effective as an original document.

       **IN WITNESS WHEREOF**, the parties hereto have executed this Release as of the day and year first above written.

_____
**MARVA HORN**


**CAVALRY PORTFOLIO SERVICES, LLC**


By:_____
    Name:
    Title:

## EXHIBIT A

## The Debt

**Cavalry Portfolio Services, LLC**

**Account Number: 11102253**

**Original Creditor: Sprint**

**Account Number: 0166517655**